**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cr-04080-RK-1 |
| | ) | |
| JOSIAH MATOR, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Josiah Mator, Jr.'s Motion regarding his garnished wages. (Doc. 85). The United States has filed suggestions in opposition. (Doc. 87, 106). Mr. Mator has not filed a reply and the time to do so has passed. This matter is now ripe for consideration. The Court held a hearing on this matter on February 20, 2025. (Doc. 105). For the reasons that follow, the undersigned recommends that the District Judge find that Mr. Mator's financial accounts with Missouri Credit Union are not exempt from garnishment.

## I.     Background

On May 24, 2022, a federal grand jury returned a superseding indictment charging Mr. Mator with two counts of false income tax returns in violation of 26 U.S.C. §§ 7206(1) and 7206(2). (Doc. 1). On June 23, 2022, Mr. Mator was found guilty on both counts. (Doc. 49). On May 9, 2023, the Court sentenced Mr. Mator to thirty-three months of imprisonment and one year of supervised release. (Doc. 59). The Court also ordered Mr. Mator to pay $200,292.00 in restitution in a lump sum immediately, or in "quarterly payments of $25 or at least 10 percent of earnings, whichever is greater" while incarcerated and "monthly payments of $100 or 10 percent

of gross income, whichever is greater, to commence no later than 30 days after release of incarceration" while on supervised release. (*Id*. at 7).

On August 5, 2024, the Court granted the United States' application to issue a writ of garnishment against Mr. Mator's monies or non-exempt property held by Missouri Credit Union. (Doc. 79). Following service of the writ, Missouri Credit Union filed its answer stating that Mr. Mator held funds in a savings account totaling $280.64, a checking account totaling $157.75, and a certificate of deposit totaling $36,681.35. (Doc. 82 at 2). On August 26, 2024, Mr. Mator filed the instant motion for a garnishment exemption hearing and sought to transfer this proceeding to the Southern District of Illinois. (Doc. 85). The United States opposed the motion, asserting that Mr. Mator's claimed exemption is inapplicable on its face. (Doc. 87). On December 31, 2024, United States District Judge Roseann Ketchmark granted Mr. Mator's request for a garnishment exemption hearing and denied his transfer request to the Southern District of Illinois as it "now appears that Defendant resides within the Western District of Missouri[.]" (Doc. 94).

## II. <u>Discussion</u>

### A. Legal Standard

The Mandatory Victims Restitution Act ("MVRA") requires "defendants convicted of a crime 'committed by fraud or deceit' to make restitution to the victim of the offense in the full amount of each victims' loss." *United States v. Workman*, 71 F.4th 661, 664 (8th Cir. 2023) (citing *United States v. Spencer*, 700 F.3d 317, 322 (8th Cir. 2012) (quoting 18 U.S.C. §§ 3663 A(c)(1)(A)(ii), 3664(f)(1)(A))). Pursuant to the MVRA, the United States may enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. § 3613(a); 18 U.S.C. § 3613(f) ("In

accordance with Section 3664(m)(1)(A) of [the MVRA,] all provisions of [Section 3613] are available to the United States for the enforcement of a [restitution order].").

A fine or restitution order imposed under the MVRA "is a lien in favor of the United States on all property and rights to property of the person fined," and "[t]he lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." 18 U.S.C. § 3613(c). A judgment imposing a fine or restitution "may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). However, a garnishment exemption exists "[i]f the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment." 26 U.S.C. § 6334(a)(8); 18 U.S.C. § 3613 (a)(1).[1]

The Federal Debt Collection Procedure Act (the "Act") is a federal law provision that allows the United States to enforce a restitution order in a criminal case. *See* 28 U.S.C. §§ 3001-3308. Under the Act, "[a] court may issue a writ of garnishment against property… in which the debtor has a substantial nonexempt interest[,] and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Pursuant to 28 U.S.C. § 3202(d), a judgment debtor may move for a hearing to challenge a writ of garnishment. 28 U.S.C. § 3202(d). Issues at hearings under the Act are limited to determining the validity of any claim of exemption, the United States' compliance with statutory requirements, and the validity of default judgments. *Id.*; *see United States v. Smith*, 88 F. App'x 981, 981 (8th Cir. 2004) (unpublished per curiam) (citing § 3202(d)'s limits on issues at hearings

---

[1] 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code, 26 U.S.C. § 6334. (*See* Doc. 85).

under the Act). The judgment debtor bears the burden of showing that an exemption applies to the property at issue. *See* 28 U.S.C. § 3202(b) ("you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States Government if [name of judgment debtor] can show that the exemptions apply.").

**B. Mr. Mator's exemption arguments fail.**

Mr. Mator asserts that his Missouri Credit Union accounts are exempt from garnishment as funds there will be used to satisfy child support obligations. (Doc. 85 at 3); *see* 26 U.S.C. § 6334(a)(8). At the hearing, he introduced evidence of a child support order requiring him to pay $300.00 a month with a past due balance totaling $5,119.23. (Exhibits 1, 2). The Government does not deny that Mr. Mator has a child support order against him but argues that the child support judgment exemption only applies to "salary, wages, or other income," which are not at issue here. (Docs. 85 at 2-6, 106 at 6-9; Tr. 9:3-4). While the Eighth Circuit has not addressed what qualifies as "wages, salary, or other income," other courts have held that these terms in the statute's child-support exemption collectively mean "items received by individuals for services rendered, such as bonuses, tips, commissions, and fees." *Woods v. Simpson*, 46 F.3d 21, 24 (6th Cir. 1995); *see also United States v. Koeln*, 729 F. Supp. 3d 900 (E.D. Mo. 2024) (adopting Fifth Circuit analysis in finding "other income" means money akin to salary or wages).

At the hearing, Mr. Mator introduced bank statements from a joint Missouri Credit Union savings account belonging to him and his girlfriend, Veronica Sasha. (Exhs. 4, 5, 6, 7, 8, 9, 10; Doc. 53 at 11). While the savings account reflected payroll deposits, Mr. Mator is currently without a job and the deposits were not made by Mr. Mator's previously verified employers. (Tr. 10: 18-22; Doc. 53 at 12; Exhs. 4, 5, 6, 8, 9, 10, 11). While Mr. Mator did not provide evidence of a separate checking account, he has stated that "most of the amounts in the [Missouri Credit Union]

accounts are owned by the other person on the accounts." (Doc. 85 at 5). Therefore, Mr. Mator has not proved that the savings and checking accounts contain his "wages, salary, or other income" such that they would be exempt from garnishment.

As to Mr. Mator's certificate of deposit, he has not offered any evidence as it contains "wages, salary, or other income" exempt from garnishment. Additionally, 26 U.S.C. § 6334(a)(8) does not exempt certificates of deposit from garnishment and other courts in this circuit have held similar assets are not exempt under exemption statutes. *See Koeln*, 729 F. Supp. 3d at 904 (holding an IRA retirement account was not exempt from garnishment as "wages, salary or other income" in light of a child support judgment because they were not amounts received directly for labor); *Matter of Longnecker,* 604 B.R. 360, 368 (finding stocks were not exempt "disposable earnings" in light of a wage exemption statute).

As to Mr. Mator's argument that the checking, savings, and certificate of deposit accounts are exempt because they are joint accounts, this argument is not persuasive as a joint bank account is not an exemption under 18 U.S.C. § 3613(a). (*See* Doc. 85 at 5).

### III.   Conclusion

Accordingly, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, find Mr. Mator's financial accounts at Missouri Credit Union are not exempt from garnishment under 18 U.S.C. § 3613(a). (Doc. 85).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 6th day of March, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge